[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-10549
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-01310-ACA

OLIN DALE HULSEY,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,
STATE OF FLORIDA,
DEPARTMENT OF VETERANS AFFAIRS,
BIRMINGHAM, CITY OF,
CITY OF BIRMINGHAM POLICE DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 23, 2020)

Before BRANCH, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Olin Dale Hulsey, proceeding *pro se*, appeals the district court's dismissal without prejudice of his civil rights complaint for failure to prosecute. The Department of Veterans Affairs ("the VA") has moved to dismiss Hulsey's appeal for lack of jurisdiction or, in the alternative, to summarily affirm.

I.

The motion to dismiss the appeal for lack of jurisdiction filed by the VA is DENIED. Although the failure to serve a defendant with process impacts a district court's ability to adjudicate the complaint against that defendant, it does not deprive us of appellate jurisdiction to review Hulsey's appeal from the dismissal of his complaint. *See* Fed. R. Civ. P. 4(m) (providing that, if a defendant is not served within 90 days of the filing of the complaint, the district court must dismiss the case against that defendant without prejudice); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." (quotation marks omitted)). Hulsey timely appealed from the final order dismissing his case, and we have jurisdiction to review his appeal. *See* 28 U.S.C. §§ 1291, 2107(b); Fed. R. App. P. 4(a)(1)(B); *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993) (stating that an involuntary dismissal without prejudice is generally a final order for purposes of appeal).

2

II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] We review the dismissal of a complaint for failure to prosecute for abuse of discretion. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A).

We grant the VA's motion for summary affirmance because there is no substantial question that Hulsey has abandoned any challenge to the district court's dismissal of his complaint by failing to raise any argument to that effect on appeal. *See Groendyke Transp., Inc.*, 406 F.3d at 1162.  Even liberally construed, Hulsey reiterates only the merits of his claims, in addition to discussing facts that are outside the scope of those claims, without even a mention of the district court's dismissal order.  *See Tannenbaum*, 148 F.3d at 1263; *see also* Fed. R. App. P. 28(a)(8)(A).

Additionally, we note that the remaining appellees neither joined the motion for summary affirmance nor filed appellate briefs in our Court.  However, because the district court dismissed the complaint against all the appellees for failure to prosecute, the VA's motion for summary affirmance has necessarily brought the entirety of the judgment before us for review.  Moreover, the time for the appellees to file response briefs has lapsed.  Thus, because the matter is ripe for review as to

4

all the appellees and our analysis for each is the same, we affirm the district court's judgment in its entirety at this time, in the interest of judicial efficiency.

Thus, as there is no substantial question as to the outcome of the case and the VA's position is correct as a matter of law, the VA's motion for summary affirmance is GRANTED.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Additionally, because the VA's position is also correct as to the remaining appellees and the entire judgment is ripe for review, we AFFIRM the district court's dismissal of Hulsey's complaint as to all the appellees.  The VA's motion to stay the briefing schedule is DENIED AS MOOT.